ESTHER GOLDFARB, Respondent, v. BERNARD J. GOLDFARB, Appellant. (Appeal No. 2.)— Order granting plaintiff a counsel fee and disbursements in respect to certain appeals affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Kapper, Hagarty, Carswell and Davis, JJ., concur.

BERNARD J. GOLDFARB, Appellant, Respondent, v. ESTHER GOLDFARB, Respondent, Appellant. (Appeal No. 3.)— Appeal of the plaintiff from part of the judgment herein and appeal of the defendant from part of the judgment dismissed, without costs. (1) The appeal of the defendant is academic. The disposition of this appeal would cause the complained of portion of the judgment to fall. (2) The appeal of the plaintiff presents an academic question. This appears from an examination of this record and the records in the companion appeals (*ante*, p. 868). Both parties are and were in the position of disregarding the separation agreement. One asserts that it is invalid and the other asserts that it had been breached. Plaintiff seeks to have the separation agreement declared to be void. A separation action was pending when the agreement was made by the parties wherein they consented to the entry *ex parte* of a certain form of an order directing the husband to pay a specified amount to support the wife and child, *pendente lite*, on the happening of a contingency. The contingency was the failure to make payments for the support of the wife. The order annexed to the stipulation fixed upon the sum of seventy dollars a week to be paid. Upon this consent the order was to be entered without notice. The entry of that order was authorized without recourse to the separation agreement and without regard to its validity or invalidity. The consent to the entry of the order contained in the stipulation was available to the wife and child, independently of the agreement to provide for their support *pendente lite*. When the wife availed herself of this stipulation and consent in the separation action she was free to say that she did so on the theory that the separation agreement, if it had validity, had been breached. She was not enforcing the separation agreement in availing herself of the stipulation in the separation action. She was availing herself of rights under the stipulation and order arising independently as a matter of law when her husband failed to support her. The stipulation in the separation action consented that proof of that failure might be furnished *ex parte* to the court. The fact that this obligation, which existed as a matter of law, was also involved in provisions in a separation agreement which the husband says is void, did not deprive the wife of the privilege of availing herself of her rights that would arise as a matter of law if the agreement were void. If recourse to the separation agreement were necessary, and it was not, its provisions, assuming it to be invalid, could be read by the court for the purpose of accepting declarations therein as admissions by the husband of the measure of his ability to provide

support and the degree of support that the wife and child were entitled to receive from him. Admissions of this character would not be affected by the question whether they were contained in a valid or invalid agreement, if the agreement was made under circumstances free from restraint or imposition. The remedy of the husband, if any, if the stipulation which is the basis of the wife's orders to enforce payment of alimony was invalid, was to move in the separation action to be relieved from the stipulation either on the ground that it was obtained under circumstances of fraud or imposition or on the ground that the measure of support it outlined was unjust for reasons that might be advanced. Present — Lazansky, P. J., Kapper, Hagarty, Carswell and Davis, JJ.